**TERMINAL WAREHOUSE OF NEW JERSEY et al. v. UNITED STATES.**

Civ. A. No. 10754.

United States District Court
D. New Jersey.

June 21, 1950.

Nathan Baker, Hoboken, N. J., Cox & Walburg, Newark, N. J., for plaintiffs.

Alfred E. Modarelli, U. S. Atty., Edward V. Ryan, Asst. U. S. Atty., for defendant.

MEANEY, District Judge.

Plaintiffs bring this action under the Tucker Act, 28 U.S.C.A. § 1346, to recover under an alleged contract for warehouse services. Defendant's answer alleges a set-off for damage to the goods stored due to the negligence of plaintiffs. A counterclaim is also filed. Defendant now moves to strike plaintiffs' demand for a trial by jury on the counterclaim.

Section 1346 of the Judicial Code, the Tucker Act, expressly provides that the

jurisdiction conferred includes jurisdiction of any set-off or counterclaim on the part of the United States. Section 2402 of the Judicial Code provides "Any action against the United States under section 1346 of this title shall be tried by the court without a jury." It seems clear that these sections provide for the trial of a counterclaim without a jury in an action of this kind. Whether this is in conflict with the provisions of the Seventh Amendment of the United States Constitution is the question before the court.

In McElrath v. United States, 102 U.S. 426, 26 L.Ed. 189, the Government asserted a counterclaim in an action brought against it in the Court of Claims. The Supreme Court held that the plaintiff was not entitled to a trial by jury on the counterclaim and that this did not violate the Seventh Amendment. The reasons assigned were: (1) That the suit against the Government was not a suit at common law, and (2) that since the Government could not be sued except with its own consent it could lawfully impose conditions upon the maintenance of such a suit. The situation here is completely analogous. It is of no moment that this action is brought in a district court rather than in the Court of Claims. Jurisdiction is concurrent and the substantial rights of the parties are the same. Bates Mfg. Co. v. U. S., 303 U.S. 567, 570, 58 S.Ct. 694, 82 L.Ed. 1020.

Defendant's motion will be granted. An order may be submitted in conformity with this opinion.