John **MOLONEY**, Plaintiff,

v.

**UNITED STATES** of America and Trans World Airlines, Inc., Defendants.

No. 70 Civ. 2223.

United States District Court, S. D. New York.

Nov. 22, 1972.

OPINION

BONSAL, District Judge.

Plaintiff, a landscape gardener employed by the Port of New York Authority ("Port Authority") at La-Guardia Airport, New York City, instituted this action to recover damages for injuries he claims he sustained as a result of an accident on May 25, 1968. He named as defendants the United States and Trans World Airlines ("TWA"). Jurisdiction against the United States is based on the Tort Claims Act, 28 U.S.C. §§ 2671–2680 and 28 U.S.C. § 1346(b). As to the United States, plaintiff is not entitled to a jury trial. 28 U.S.C. § 2402. Before trial, TWA moved to dismiss for lack of diversity jurisdiction, which motion was denied for the reason that plaintiff's claim against both the United States and TWA was in tort and arose out of the same facts, the court therefore having pendent jurisdiction of the claim over TWA. Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627 (2d Cir.1971).

The action was tried before a jury, commencing on October 18, 1972, it being understood that the jury's verdict as to the United States would be advisory only. On October 25, 1972, the jury returned a special verdict, finding that the defendant TWA was not negligent, and an advisory verdict that the United States was negligent; that the plaintiff was not contributorily negligent; and that plaintiff was entitled to damages in the amount of $25,000.

Judgment was entered in favor of TWA and against the plaintiff on October 25, 1972.

After the advisory verdict, defendant United States moved for judgment dismissing the complaint against it on the ground that the evidence does not show negligence on its part; that plaintiff was contributorily negligent; and that the advisory verdict for damages in the amount of $25,000 was excessive.

The court states its findings of fact and conclusions of law with respect to the plaintiff's action against the United States as follows (Fed.R.Civ.P. 52(a)):

On May 25, 1968, the date of his accident, the plaintiff was employed by the Port Authority as a landscape gardener at LaGuardia Airport, New York City, a job which he had held for approximately 14 years. His duties included supervising a crew which took care of the grass in the field area of the airport surrounding the runways. In the spring, the grass grows faster and this crew would be cutting grass somewhere on the field every day, except when it rained.

The United States operated the control tower at the airport through its agency, the Federal Aviation Administration ("FAA"). By agreement between the United States and the Port Authority, the Port Authority is responsible for the operation of the entire airport except for the "movement area," which is the responsibility of the United States through the FAA. The movement area includes only the runways and taxiways.

On the day of his accident, the plaintiff was directed to report for overtime work supervising a crew of seven or eight men in conducting grass-cutting operations around the end of Runway 31. The tower was notified of this operation at about 9:14 a.m., and a few minutes thereafter plaintiff and his fellow workmen went to the field area and began work. The tower made the information as to this operation available to arriving and departing aircraft by means of an ATIS (Automatic Terminal Information Service), a continuously-repeating, recorded message carried on a local radio frequency which can be heard by departing flights if they tune in. During the morning planes landed and took off from Runway 31 in regular succession. The tower furnished no information about the grass-cutting operations to the planes, except for the ATIS, until after plaintiff's accident.

At about 11:40 a.m., TWA Flight #329, departing on a flight to Chicago, left the terminal and taxied down taxiway M toward Runway 31. The tower cleared it for takeoff position on the runway and, while the plane was making its turn, the tower cleared it for takeoff. Upon clearance for takeoff, the pilot of the TWA plane, in accordance with usual procedure, applied power to the engines as the plane was making its turn, aligned the aircraft, and took off. Immediately following takeoff, the TWA crew heard by radio that a man had been hit by the jet blast and that the tower had cautioned following planes. This was the result of a message from the next plane, an American Airlines plane, whose pilot, waiting for takeoff, had observed that the jet blast of the previous plane had blown a man off the top of the dike directly in back of Runway 31 and had passed this information on to the tower.

Plaintiff testified that when the accident happened, he was cutting grass with a sickle in front of the dike, approximately 7 feet from the edge of the runway and approximately 20 feet from the departing plane. It is undisputed that by reason of his accident plaintiff suffered a double fracture to his right ankle and lacerations to his face and arms.

The FAA personnel testified that the tower was approximately a mile away from the end of Runway 31, so that the tower operators could not see where the grass cutters were at any given moment. The issue, therefore, is whether the FAA was negligent in relying on the

ATIS broadcasts as sufficient warning to aircraft or whether reasonable care required that it notify planes of the presence of workmen near the runway at the time of their takeoffs from Runway 31.

In finding the United States negligent, the jury believed that the tower had a duty to notify the departing planes to look out for the grass cutters, particularly since there is no requirement that departing pilots listen to the recorded ATIS messages. Moreover, the grass cutters would obviously be changing position from time to time and occasionally disappearing behind the dike which separates the field area from Flushing Bay. It was the duty of tower operators to inform themselves of dangers on or near runways and to communicate this information to aircraft or to refuse clearance until the runway was known to be clear. Marino v. United States, 84 F.Supp. 721, 725 (E.D.N.Y. 1949); see Ingham v. Eastern Air Lines, Inc., 373 F.2d 227, 238 (2d Cir. 1967). The case of White v. Trans World Airlines, Inc., 320 F.Supp. 655 (S.D.N.Y.1970), is inapposite here since in that case the FAA gave two planes specific altitude assignments, from which one plane deviated, causing the collision there sued upon. Here, the FAA failed to give the information and to warn departing aircraft. In failing to warn the TWA plane of the presence of plaintiff and his fellow workmen off the end of Runway 31, the tower failed to exercise reasonable care under the circumstances. The court therefore agrees with the jury that the FAA was negligent.

A more difficult question is presented on the issue of contributory negligence. The parties agree that the law of New York applies, so that contributory negligence is a bar to plaintiff's recovery notwithstanding the negligence of the United States. Plaintiff had been working at LaGuardia Airport for 14 years. He testified that he knew about jet planes and about the action of their engines at takeoff. Plaintiff testified that he was cutting grass with a sickle in front of the dike approximately 7 feet from the edge of the runway and approximately 20 feet from the departing plane. If he was in this position, the testimony would establish that the jet blast would have passed over him and would not have hit him. The court therefore credits the testimony of the American Airlines crew, whose testimony indicated that plaintiff was standing on top of the dike opposite the end of the runway, which would have placed him in the line of the jet blast. The American Airlines crew further testified that they saw one man (presumably the plaintiff) standing on top of the dike, and another man, whose head and shoulders appeared over the top of the dike but who apparently ducked the blast without incident. It must be concluded that plaintiff was standing on top of the dike, and that he knew that jet planes were taking off and had been taking off all morning. Therefore, the court finds that plaintiff failed to use the reasonable care of one in his position and with his experience, and that his negligence contributed to the accident. Therefore, plaintiff's recovery is barred by his contributory negligence, notwithstanding the negligence of the United States.

Accordingly, defendant United States' motion for judgment dismissing the complaint will be granted, and the Clerk may enter judgment accordingly.

It is so ordered.