Harold J. Hughes, J.
This is a motion by the defendant *541 Richard Boke to dismiss the cross claims of Kingston Hospital, Steven Young and F. S. Carr for failure to state a cause of action (CPLR 3211, subd [a], par 7).
On May 30, 1971 plaintiff walked through a glass door on the defendant Boke’s premises and sustained injuries. He was taken to Kingston Hospital where he was first treated in the emergency room and was later treated there by two physicians, Dr. Young and Dr. Carr. Thereafter, plaintiff instituted an action against the hospital and the doctors for negligence and malpractice and a second action against Mr. Boke. The hospital and the two doctors have cross-claimed against this defendant seeking an apportionment of damages under Dole v Dow Chem. Co. (30 N Y 2d 143).* Movant argues that the cross claims are insufficient as a matter of law under authority of Zillman v Meadowbrook Hosp. Co. (45 AD2d 267). The court agrees.
As the court in Zillman pointed out, the Dole doctrine of comparative negligence ordinarily applies between joint or concurrent tort-feasors. The apportionment rule between independent and successive tort-feasors applies only in limited circumstances; for example, when the conduct of the first tortfeasor is a direct proximate cause of the injuries sustained by the plaintiff from the second tort-feasor. As in Zillman, when the plaintiff entered the hospital, the defendant Boke’s alleged act of negligence had been completed. If the hospital and the doctors were negligent, that negligence was not the result of Boke’s conduct.
CPLR 1401 (eff Sept. 1, 1974) does not affect the result reached in Zillman (45 A D 2d 267, supra). Under this statute "two or more persons who are subject to liability for damages for the same personal injury * * * may claim contribution among them” (emphasis added). While the bill drafter’s comments (see McKinney’s Session Laws of 1974, Twelfth Annual Report of the Judicial Conference to the Legislature on the CPLR, pp 1789, 1805-1806) state that the intent was to expand the right of contribution to include not only joint tortfeasors, but also successive and independent tort-feasors "where otherwise appropriate”, such is not the case here, for the reason that plaintiff .is not seeking to recover for the same personal injury in these two actions.
*542 The motion to dismiss the cross claims of defendants in Action No. 1 is granted, without costs.

 Since the two actions have been joined for trial but not consolidated, the cross claims should properly be denominated as third-party complaints.