**Richard OAKLEY, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 78–3434.**

United States Court of Appeals, Ninth Circuit.

June 30, 1980.

Michael Jay Singer, U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

Michael J. Keady, San Francisco, Cal., argued, for plaintiff-appellee; Michael A. Zamperini, Keady & Quint, San Francisco, Cal., on brief.

Before ELY, TRASK and CHOY, Circuit Judges.

PER CURIAM:

Appellant, Richard Oakley, sought to recover damages under the Federal Tort Claims Act, (FTCA) 28 U.S.C. § 1346(b), for injuries sustained while performing work for an independent contractor of the United States at the Naval Regional Medical Center in Oakland, California.

The United States, in turn, impleaded its independent contractor, United Telecommunications, Inc. (UTI) as a third party defendant. The contractor's workman's compensation insurance carrier, Industrial Indemnity Company, intervened as a plaintiff in the action. On July 13, 1978, following a trial, the district court held that the United

States and the government contractor were each 50 percent negligent in causing appellant's injuries and entered judgment in favor of appellant and against the United States in the sum of $112,782.15. The district court also entered judgment for plaintiff-intervenor, Industrial Indemnity Co., and against the United States for $18,-608.93, and held for the United States and against the government contractor for indemnification in the sum of $56,391.08. The court further provided that each of said judgments should bear interest at the rate of 7 percent per annum from date until paid.

Pursuant to an agreement dated October 25, 1975, between UTI and the United States, UTI was acting as an independent government contractor in order to install an overhead fire alarm system at a federal facility in Oakland, California, known as the Naval Regional Medical Center. Sometime after the work had begun UTI discovered that many of the poles upon which the system was to rest and upon which the UTI employees were required to climb were not sturdy enough to support the new system or the workers who were installing it. Accordingly, UTI temporarily ceased operations while the Navy Department took charge of performing the work required to make the poles sufficiently strong to safely perform the work. After the Navy notified the contractor that the poles were strong enough, UTI returned to complete its task. Although UTI soon realized that the Navy work had not been completed, the independent contractor proceeded with its installation.

On August 20, 1975, appellant was working when a live power line broke loose and fell on him. He was caused to fall some 30 feet to the ground and sustained the injuries complained of.

On November 11, 1975, Oakley filed an administrative claim for injuries with the Department of the Navy which was denied. The present action was then instituted under the Federal Tort Claims Act, *supra.* UTI's workman's compensation carrier intervened as a plaintiff in an attempt to recover a portion of the workman's compensation payments it had made to Oakley. The district court entered judgment on July 13, 1978, finding that the United States and UTI were each 50 percent negligent in causing the injuries. It also found that Oakley had sustained injuries in the amount of $150,000. The court subtracted the sum of $37,217.85 in workman's compensation claims already paid to Oakley and awarded him a net judgment of $112,782.15 "to be paid by the defendant United States." The court further provided that each of the above judgments was to bear interest at the rate of 7 percent per annum until paid.

In establishing the interest rate at 7 percent the district court was in error. The Federal Tort Claims Act, 28 U.S.C. § 2411(b) provides as follows:

Except as otherwise provided in subsection (a) of this section, on all final judgments rendered against the United States in actions instituted under section 1346 of this title, interest shall be computed at the rate of 4 per centum per annum from the date of the judgment up to, but not exceeding, thirty days after the date of approval of any appropriation Act providing for payment of the judgment.

Interest is not recoverable against the United States except as specifically provided by statute. *United States v. Thayer-West Point Hotel Co.,* 329 U.S. 585, 590, 67 S.Ct. 298, 400, 91 L.Ed. 5, 21 (1947).

The government also contends that under the limited waiver of sovereign immunity provided by the FTCA, the district court erred in holding the government liable for more than that share of the plaintiff's total damages which is proportional to the government's degree of fault. This argument has previously been rejected by this court. *Rudelson v. United States,* 602 F.2d 1326 (9th Cir. 1979); *Mattschei v. United States,* 600 F.2d 205 (9th Cir. 1979). Under *American Motorcycle Ass'n v. Superior Court,* 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899 (1978), the rule of joint and several liability survived California's adoption of the comparative negligence doctrine. In the present case, the district court found

the plaintiff's injuries to be indivisible. Consequently, the government was properly held liable, under California law, for the total amount of damages suffered.

The government attempts to distinguish this case from *Rudelson* and *Mattschei*, citing *Barron v. United States*, 473 F.Supp. 1077 (D.Hawaii 1979), in support of its argument that the failure to apportion damages in this case was improper. *Barron,* however, is readily distinguishable from the present case. In *Barron,* the district court's judgment against the United States was based upon the government's vicarious liability for the negligence of an independent contractor. The district court in *Barron* held that under the FTCA, the government may not be held vicariously liable for the negligence of its independent contractors. *Barron, supra,* 473 F.Supp. at 1087. In the present case, the judgment against the government was not premised upon the doctrine of vicarious liability, but upon the government's own negligent acts which proximately caused the plaintiff's injuries. In this case, therefore, the government is being held liable for its own negligence, and its liability is for 100 percent of the damages under the doctrine of joint and several liability. Unlike the situation in *Barron,* this judgment does not so operate as to hold the government vicariously liable for the negligence of others. *See Barron, supra,* 473 F.Supp. at 1087 and n. 10.

We affirm the judgment of the district court, but we must remand so that the interest rate may be recomputed at a rate of 4 percent. The judgment of the district court is AFFIRMED in part, REVERSED in part and REMANDED.