Patrick W. **BARRON,**
Plaintiff/Appellant/Cross-Appellee,

v.

**UNITED STATES of America,**
Defendant/Appellee/Cross-Appellant,

v.

**MAITLAND BROTHERS COMPANY,**
Third-Party Defendant/Appellee.

Nos. 79–4492, 79–4564.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 29, 1981.

Decided Aug. 27, 1981.

Paul F. Cronin, Honolulu, Hawaii, for Barron.

John R. Lacy, Honolulu, Hawaii, Eloise E. Davies, Atty., Dept. of Justice, Washington, D. C., for U. S. A.

Before KILKENNY, SNEED and FARRIS, Circuit Judges.

SNEED, Circuit Judge:

In highly condensed form, the facts of this case are that an injured employee (Barron) of a government contractor (Maitland Brothers Company) seeks to recover his entire damages from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, while the United States, if held so liable to the employee, seeks to recover from the government-contractor-employer its proper share of the total damages. The employer insists that it is not liable to any extent to the United States because of its immunity under State of Hawaii's workers' compensation law, as implemented by relevant decisional law of the State, and that if it is so liable, it is entitled to a jury trial with respect to both the extent of its liability, if any, and the amount of damages, if any, that it might be required to pay to the United States.

The district court, in that portion of its bifurcated proceedings devoted to liability, held that the employee was barred from recovering damages attributable to the fault of his government-contractor-employer from the United States and that only twenty-five percent of the employee's damages was recoverable from the United States because that was its share of the total fault. Accordingly, the district court dismissed the third party complaint of the United States against the government-contractor-employer. In the damages portion of the proceedings, the district court gave judgment in favor of the employee and against the United States in the amount of $200,762.75, one-fourth of the employee's total damages.

Both the employee and the United States appeal. The employee is contending that the United States is liable for the full amount of his damages. The United States contends that it breached no duty owed to the employee, but that if it did, and, as a consequence, is held liable for the full amount of the employee's damages, it is entitled to indemnity from the government-contractor-employer.

We hold (1) that the United States did breach a duty owed to the employee, (2) that the United States is liable to the employee for the full amount of his damages, (3) that the United States is entitled to indemnity from the government-contractor-employer, (4) that the government-contractor-employer is not bound by the district court's holdings with respect to the share of fault attributable to it, and (5) that in any proceeding brought by the United States on remand to obtain indemnity the government-contractor-employer is entitled to a jury trial with respect to its proper share of fault.

I.

SOURCE OF STATEMENT OF FACTS

Because of full statement of the facts appears in the excellently written opinion of the district court, of which Judge Schwarzer was the author, and because this opinion was published as *Barron v. United States,* 473 F.Supp. 1077 (D.Haw.1979), we will not lengthen our opinion by again reciting the facts at length. Rather, we will address each of the issues on appeal separately and utilize such facts in our discussion that appear in that recital which we believe necessary to provide clarity. In this way we can substantially reduce what otherwise would be the necessary length of our opinion.

II.

BREACH BY UNITED STATES OF
DUTY OWED EMPLOYEE

[1] We agree entirely with Parts II and III of the district court's opinion, *id.* at 1080–85, in which the district court, in the liability phase of its proceedings, held that the United States owed a duty to the plaintiff-appellant Barron which it breached and that Barron was not contributorily negligent. The district court's use of Hawaiian law to determine the existence of that duty and its holding that under that law a duty was imposed upon "an owner for permitting the contractor to conduct extra hazardous

activities without taking proper precautions," *id.* at 1082, are correct expositions of applicable law. Moreover, its finding (which is one of mixed law and fact) that the work being done by Barron was extra hazardous is not clearly erroneous. The district court said:

> The hazardous nature of plaintiff's work in the trench does not appear to be disputed. The contract documents require categorically that all ditches more than four feet in depth in unconsolidated soil—and all such ditches regardless of soil material if entered by personnel—must be shored. The existence of that requirement alone compels a finding that work inside deep ditches is extra hazardous in the absence of special precautions.

*Id.* at 1083. We find no error in these remarks.

Breach of this duty was found by the district court to consist of the failure by Navy officials to take steps to eliminate, through several means available under the terms of the contract, Maitland's flagrant disregard of major safety requirements, particularly those relating to the shoring of ditches such as that in which Barron was injured. The Navy's general control of the work made this failure a substantial breach of its duty. *Id.* at 1084. We agree.

Finally, we also hold that the district court's finding that the employee was not contributorily negligent is not clearly erroneous. *Id.* at 1085.

### III.

### LIABILITY OF THE UNITED STATES FOR FULL AMOUNT OF EMPLOYEE'S DAMAGES

The district court, in Part IV of the opinion, held that Barron was "barred from recovering in this action damages attributable to Maitland" and that as a consequence, the third party complaint against Maitland by the United States must be dismissed. *Id.* at 1088.

We hold the district court erred. In support of its holding the district court reasoned that in *Kamali v. Hawaiian Electric Co.*, 54 Haw. 153, 504 P.2d 861 (1972), the Supreme Court of Hawaii held that, inasmuch as workers' compensation provides the exclusive remedy available to an employee against an employer, contribution against a plaintiff's employer is not available to a third party joint tortfeasor. Maitland, the district court concluded, cannot be made to contribute to the United States, the third party joint tortfeasor in this case. Not being entitled to contribution, the United States should be liable to the injured employee only to the extent of its portion of the total fault.

■ In addition, the district court pointed out that its result was required by federal law. Under the Federal Tort Claims Act the United States has not waived its sovereign immunity with respect to claims based on vicarious liability. *See Logue v. United States*, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). This result is required because the waiver of immunity extends only to wrongs by an "employee of the government," 28 U.S.C. § 1346(b), and an employee of a "contractor with the United States," 28 U.S.C. § 2671, is not an "employee of the government." It follows, the district court concluded, that in this case federal law precludes a recovery against the United States with respect to fault properly attributable to Maitland.

■ We have no quarrel with the authorities upon which the district court relies nor with its reading of their provisions. Our difference is that under Hawaiian law the United States as a joint tortfeasor is both jointly and *severally* liable to the victim of the joint tort. *See Petersen v. City and County of Honolulu*, 51 Haw. 484, 485, 462 P.2d 1007, 1008 (1970). This is true even when, as here, contribution as against one joint tortfeasor is barred by law. *Sugue v. F. L. Smithe Machine Co.*, 56 Haw. 598, 546 P.2d 527 (1976). Subsequent to the district court's decision in this case this court held that the imposition of *several* liability by the applicable local law enabled the plaintiff injured party, an employee of a joint tortfeasor independent contractor, to recover his full damages from the United States

when it was severally liable therefor. *See Rooney v. United States*, 634 F.2d 1238, 1244–45 (9th Cir. 1980) (California law); *Oakley v. United States*, 622 F.2d 447, 448 (9th Cir. 1980) (California law). These decisions were based on two earlier decisions. Under the California comparative fault system we had refused to restrict recovery against the United States under the Tort Claims Act to its proportionate share of fault when the injured party was not an employee of the defendant with whom the United States was a joint tortfeasor. *See Rudelson v. United States*, 602 F.2d 1326, 1331–33 (9th Cir. 1979) (California law); *Mattschei v. United States*, 600 F.2d 205, 209 (9th Cir. 1979) (California law). Although each of these cases involved California law as the applicable local law, and although both *Rooney* and *Oakley* sought to distinguish the district court's opinion in this case, we conclude that the law of Hawaii is not, in relevant respects, distinguishable from that of California and that this case cannot be distinguished satisfactorily from *Rooney* and *Oakley*.

Therefore, we hold that the employee plaintiff is not barred from recovering his entire damages from the United States. Such a recovery does not amount to the imposition of vicarious liability. The United States only is being required to answer to the full extent of its *several* liability as imposed by the applicable local law. We have no statutory authority to accord the United States a position more favored than that available to other joint tortfeasors under local law. Our position leaves untouched the immunity of the United States from liability for the negligent acts of an employee of an independent contractor. Liability in this case, however, rests on the local law consequences of the negligent acts of an "employee of the government." It is true these consequences are substantial and make resolution of controversies such as this case presents somewhat complicated. This, we believe, is a matter better resolved by Congress than by judicial distortion of the consequences under local law of wrongs done by employees of the United States.

## IV.

### RIGHT OF UNITED STATES TO INDEMNITY

■ We accept, as we must, that the United States under Hawaiian law has no right of contribution from the independent contractor, Maitland, notwithstanding our holding with respect to the scope of the liability of the United States. *See Kamali v. Hawaiian Electric Co., supra.* This does not bar the United States from seeking indemnity from Maitland to the extent available under federal law, however.

The contract between Maitland and the United States provides that the contractor "shall be responsible for all damages to persons or property that occur as a result of his fault or negligence." In *United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970), it was held that the interpretation of this contractual provision was governed by federal law and that the provision entitled the United States to indemnity on a "comparative basis." *Id.* at 208–09, 90 S.Ct. at 883–884. In explaining its interpretation the Court said:

A synthesis of all of the foregoing considerations leads to the conclusion that the most reasonable construction of the clause is the alternative suggestion of the Government, that is, that liability be premised on the basis of comparative negligence. In the first place, this interpretation is consistent with the plain language of the clause, for Seckinger will be required to indemnify the United States to the full extent that its negligence, if any, contributed to the injuries to the employee.

*Id.* at 215, 90 S.Ct. at 887. It follows, therefore, that in this case the United States, although liable to Maitland's employee to the full extent of his damages, is entitled to recover under its contract for indemnity against Maitland "to the full extent its [Maitland's] negligence, if any, contributed to the injuries of the employee [Barron]." For the reasons stated in *Seckinger*, it is also true that this provision in the contract does not entitle the United

States to obtain indemnity "to the extent that the injuries were attributable to the negligence, if any, of the United States." *Id.* at 216, 90 S.Ct. at 887. An intention to extend indemnification to permit recovery by the ·United States for its negligence is not "clearly and unequivocally indicated." *Id.* at 215, 90 S.Ct. at 887. *See United States v. English,* 521 F.2d 63, 67–68 (9th Cir. 1975).

## V.

### RIGHTS ON REMAND

Our holdings and the district court's dismissal of the third party complaint of the United States against Maitland present a problem. Prior to its removal from the case as a third party defendant Maitland demanded a jury trial, but the district court excused the jury. This was consistent with its ultimate decision to restrict Barron's recovery against the United States to its proportionate part of the total fault and to immunize the third party defendant employer from all claims other than those arising from workers' compensation. Nonetheless, the district court indicated to Maitland that it could intervene and participate in the bench trial to protect its rights because it was possible that a retrial on a different legal theory might be necessary. Maitland declined to intervene and the possibility foreseen by the district court has become, to some extent, a certainty.

Confronted with this fact, Maitland insists that it is not bound by the outcome of the district court litigation here being reviewed because it was neither a party nor in privity with a party to that adjudication. Maitland also argues that neither res judicata nor collateral estoppel is applicable because it is entitled to a jury trial with respect to its liability under its contract of indemnity. The effect of Maitland's contentions, if valid, would be to require the United States to proceed against Maitland pursuant to a reinstated third party complaint in which the total amount of damages recoverable by Barron and the respective shares of fault of Maitland and the United States would be redetermined.

Maitland also suggests that the employee Barron be required to adjudicate his rights again.

The United States, while acknowledging that ordinarily a proceeding on an indemnity contract entitles the indemnitor to a jury trial, argues that Maitland as an indemnitor is bound by the district court's adjudications because it knew of the litigation and was given the opportunity to intervene and defend. These propositions have substantial support. *See Wood v. United States,* 216 F.Supp. 346 (E.D.N.Y.1963) (party against whom United States makes a claim in a suit under the Federal Tort Claims Act entitled to a jury trial); *Washington Gaslight Co. v. District of Columbia,* 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712 (1896) (against one responsible to another by operation of law or express contract, a judgment obtained without fraud and collusion is binding if the one so responsible was given notice and an opportunity to defend). *See also Tokio Marine & Fire Insurance Co. v. McDonnell Douglas Corp.,* 465 F.Supp. 790 (S.D.N.Y. 1978); *Bedal v. Hallack and Howard Lumber Co.,* 226 F.2d 526, 535 (9th Cir. 1955).

Our resolution of the problem which we confront is as follows. The rights of the plaintiff Barron have been determined. The district court awarded him twenty-five percent of his total damages and we hold that as a matter of law he is entitled to recover the entire amount of these damages from the United States. Barron's rights against the United States as so determined are unaffected by other holdings in this decision. This includes the amount of damages, $803,051.00, found by the district court to have been suffered by Barron.

█ We decline, however, to hold Maitland to all aspects of the district court's adjudication as modified by this decision. We express no opinion whether, under circumstances where the employer's potential duty to indemnify the United States is clear at the outset of the litigation, the failure of the employer to intervene and defend would cause any judgment obligating the indemnitee United States to pay more than its proper share of the damage would be

binding on the employer-indemnitor. Under the special circumstances of this case we believe it to be unjust to bind Maitland to that portion of the district court's judgment that, in effect, held it responsible for seventy-five percent of the fault. Therefore, Maitland is entitled to litigate its share of the fault anew. This is consistent with the general principles recently set forth by this court in *United States v. Fisher*, 652 F.2d 893 (9th Cir. 1981).

On the other hand, we hold Maitland is bound by the district court's determination that Barron was injured to the extent of $803,051.00. To permit Maitland to relitigate this before a jury would be inconsistent with at least the spirit of 28 U.S.C. § 2402, which bars jury trials in Federal Tort Claims Act proceedings. It would also create the probability of inconsistent determinations that would prejudice only the United States since a determination that Barron's damages exceeded $803,051.00 would not increase Maitland's liability as indemnitor. The sum of $803,051.00 represents the amount for which the United States is liable and the indemnitor's liability cannot exceed its proper share of that sum. To permit Maitland to attempt to reduce its liability by means of a jury trial on the issue of the amount of Barron's damages would be to provide it with a risk-free opportunity and to a degree, permit a jury to fix the ultimate liability of the United States contrary to 28 U.S.C. § 2402. Moreover, to require a jury trial with respect to damages suffered by a plaintiff-employee, an issue with respect to which the plaintiff-employee himself is not entitled, would be particularly anomalous when, as normally would be the case, the third party defendant employer participates fully in all aspects of the case.

Our conclusion is consistent with the principle that a cause of action for indemnity does not accrue until the indemnitee has suffered a loss. For this reason it has been held that when joint tortfeasors are jointly and severally liable they are not required to litigate their claims of partial indemnity among themselves and that if they do they are not required to litigate them in the main action in which their joint and several liability is established. *Klemme v. Hoag Memorial Hospital Presbyterian*, 103 Cal. App.3d 640, 644, 163 Cal.Rptr. 109, 111 (Fourth Dist. 1980). *See American Motorcycle Ass'n v. Superior Court*, 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899 (1978).

Finally, we hold that Maitland is entitled to a jury trial with respect to all such other issues of fact that may arise in the determination of its liability under its contract of indemnity. *United States v. Fisher*, 652 F.2d 893 (9th Cir. 1981).

Affirmed in Part; Reversed in Part, and Remanded.