Calvin **LIBRERA**, Jr., and Kathleen Librera, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendants.**

**Civ. A. No. 84–0121–F.**

United States District Court,
D. Massachusetts.

Aug. 24, 1989.

William C. Flanagan, Gary B. Liquori, Allen, Dusel, Murphy & Fennel, Springfield, Mass., for plaintiffs.

Mary Elizabeth Carmody, Asst. U.S. Atty., for defendants.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

### I. INTRODUCTION

Before the Court is the defendant United States of America's ("United States") objections to United States Magistrate Michael Ponsor's Memorandum on Remand dated December 8, 1989. The plaintiff Calvin Librera ("Librera") and his wife Kathleen, also a plaintiff, have filed a brief in support of the Magistrate's decision.

A brief case history is necessary. On April 17, 1987, following a four day trial, Magistrate Ponsor concluded that both the United States and James Corliss ("Corliss"), an independent contractor, had acted negligently in failing to keep a post office sidewalk free from ice. The plaintiff, himself an independent contractor for the United States Postal Service, slipped and fell on the sidewalk, resulting in assorted injuries, primarily to his lower back. The Magistrate awarded Librera lost pay, medical costs, and past and future pain and suffering in the amount of $163,727.63; however, because the Magistrate also found that Librera's own negligence was one-third responsible for his injuries, the Magistrate reduced the final amount of the award to $109,151.82. Magistrate Ponsor also awarded Kathleen Librera $15,000 for loss of consortium.

On June 1, 1987, the Magistrate denied the United State's motion to alter or amend the judgment, and the United States appealed his decision. After reviewing the objections of the United States, this Court affirmed substantially all of the Magistrate's decision in an opinion issued October 24, 1988. However, the Court also found it necessary to remand the case to the Magistrate for a determination of the respective liabilities of the United States and Corliss, and for a reduction in the award if appropriate. In a motion filed a week later, the plaintiffs opposed the remand, arguing that under Massachusetts law, the fact that the United States had been found independently negligent entitled the plaintiffs to recover the full amount of the judgment from the United States, and not merely the percentage which could be ascribed to the government's negligence alone. This Court denied the plaintiffs' motion on the grounds that the Magistrate, as finder of fact, had not yet made a determination as to whether or not Calvin Librera's injury was indivisible, and whether or not joint and several liability existed between the United States and the independent contractor Corliss. Order of November 2, 1988 at 1–2. That conclusion in turn would hinge upon a finding by the Magistrate that the United States' negligence was a "substantial factor" in causing the plaintiff's injuries. Order of November 2, 1988, at 2, citing *Delicata v. Bourlesses*, 9 Mass.App. 713, 404 N.E.2d 667, 671–72 (1980). This Court essentially agreed, however, that if joint and several liability did exist between Corliss and the United States, then the United States would be responsible for the entire amount of the judgment. *Id.* at 2, citing *Zeller v. Cantu*, 395 Mass. 76, 478 N.E.2d 930, 931, 933 (1985).

On December 8, 1988, Magistrate Ponsor issued a Memorandum on Remand in which he concluded: 1) the plaintiff's injury was indivisible; 2) the United States through its employees was itself negligent; and 3) the negligence of the United States was a substantial factor in causing the injury. Memorandum on Remand at 3–4. In fact, the Magistrate went so far as to state that "the negligence of the Government employees was greater, if anything, than the negligence of Corliss." *Id.* at 4. The Magistrate also rejected the government's last-ditch claim that holding it fully liable for the plaintiff's injuries would have the effect of making it liable for the acts of independent contractors, a conclusion forbidden by the terms of the Federal Tort Claims Act. The Magistrate stressed that the negligence upon which the government's liability was based is not that of the independent contractor, but of the United States' own employees.

## II. DISCUSSION

### A. The United States Is Jointly and Severally Liable

#### 1. The Plaintiff's Injuries Are Indivisible

The United States does not contest the Magistrate's conclusion that the injury suffered by the plaintiff is indivisible. As the Magistrate aptly put it, "[o]nly one fall took place and all plaintiff's injuries arose from it." Memorandum on Remand of December 8, 1988, at 4.

#### 2. The Negligence of the United States Was a Substantial Factor in the Plaintiff's Injury

The United States strenuously protests, however, the Magistrate's conclusion that the government's negligence was a substantial factor in the plaintiff's injury; in fact, the United States reiterates its belief that government employees were not negligent at all.

The underlying finding of fact by the Magistrate that the United States was negligent is well-harrowed ground, and the Court explicitly declines to tramp through it once more. The Magistrate, as finder of fact in this case, is charged with weighing conflicting evidence and assessing the credibility of witnesses. In doing so, he concluded that the employees of the government themselves had not exercised reasonable care in the maintenance of the sidewalk outside of the post office. Since the evidence cited by the government to support its argument that the doctrine of *res ipsa loquitur* was misapplied is drawn almost exclusively from that portion of the record which the Magistrate chose to reject, this Court has no right absent a showing of clear error to alter his conclusion. This Court has reviewed its earlier appraisal of the Magistrate's fact-finding, and stands by its affirmation of the Magistrate's decision.

■ The Court also concludes that it should affirm the Magistrate's more recent ruling that the government's negligence was a "substantial factor" in causing the plaintiff's injury. The United States challenges this conclusion only indirectly, by attacking the Magistrate's original finding that the government was negligent in the first place. Nonetheless, even in the absence of specific argument by the United States, this Court finds no error in the Magistrate's determination. The Court refers specifically to those factors upon which it relied in its earlier Memorandum in upholding the Magistrate's finding of independent negligence by the Post Office, including the following:

1) Shelburne Falls Post Office employees knew of the nearby Deerfield River's propensity for causing dangerously icy conditions on cold winter mornings; 2) these employees also were aware that the rear employee entrance walkway was used each morning; 3) government employee Blakeslee observed icy conditions on the premises of the post office at 7:25 a.m. on the morning of February 14, 1983; 4) Blakeslee identified a glazed icy patch on the walk precisely where plaintiff tumbled immediately after the fall; and 5) contrary to his usual practice, Blakeslee assigned no other employee the task of periodically inspecting and resanding the walk on this day.

Memorandum and Order of October 24, 1988, at 10–11. Those facts, for which there is ample support in the record, are more than adequate to support a finding that the Government's negligence substantially contributed to the plaintiff's injury.

### B. The Magistrate Did Not Err in Holding the United States Fully Liable for the Injuries to the Plaintiff

■ In its Memorandum on Remand, the United States introduced the new argument that if it is held one hundred percent responsible for the award to the plaintiff under Massachusetts joint tortfeasor doctrine, the practical effect is to make the government liable for the negligence of the independent contractor. The United States recognizes that 28 U.S.C. § 1346(b) explicitly extends the government's liability to "those circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law

of the place where the act or omission occurred." However, the United States nonetheless claims that the current judgment against it violates the spirit if not the letter of the Federal Tort Claims Act ("FTCA"), and in particular, 28 U.S.C. § 2671, which relieves the United States of liability for the acts of "any contractor with the United States." In support of its conclusion, the government cites two Supreme Court cases which hold that the United States may not be charged with the negligence of its independent contractors. *See United States v. Orleans*, 425 U.S. 807, 813–14, 96 S.Ct. 1971, 1975–76, 48 L.Ed.2d 390 (1976) and *Logue v. United States*, 412 U.S. 521, 526–27, 93 S.Ct. 2215, 2218–19, 37 L.Ed.2d 121 (1973).

While expressing his admiration for the ingenuity of the argument, the Magistrate rejected the government's legal challenge to the judgment for the plaintiff. He correctly noted that

> neither *Logue* nor *Orleans* stands for the proposition that, when a Government employee and an independent contractor are substantially and directly involved in the negligence leading to the plaintiff's injuries, full liability under a state joint tortfeasor rule upon the Government would violate the letter or spirit of the FTCA.

Memorandum on Remand of December 8, 1988, at 6. A brief discussion illustrates the soundness of the Magistrate's conclusion.

As an initial matter, the Court agrees with the government that in interpreting the provisions of the FTCA, guidance should be taken from the whole law, and not merely from a single word or sentence. *See Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585, 591–92, 7 L.Ed.2d 492 (1962). However, the argument as presented by the United States suggests to this Court that it is the government which has fallen victim to that trap, and not the Magistrate.

The general policy regarding the tort liability of the United States has been clearly stated by Congress in at least two separate statutes. 28 U.S.C. § 1346(b) states that:

> [s]ubject to the provisions of chapter 171 [28 U.S.C. §§ 2671 *et seq.*], the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Similar language is contained in the FTCA itself. 28 U.S.C. § 2674 states in relevant part that:

> [t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances....

From this broad concession of liability, Congress has carved an exception for the negligence of independent contractors. 28 U.S.C. § 2671 states in relevant part that:

> [a]s used in this chapter [28 U.S.C. §§ 2671 *et seq.*] and sections 1346(b) and 2401(b) of this title [28 U.S.C. § 1346(b) and 2401(b) ] the term "Federal agency" includes the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States, but does not include any contractor with the United States.

However, a thorough review of the FTCA and related statutes fails to turn up any language purporting to relieve the United States of properly applied joint and several liability. That the Court is unable to find such language is consonant with Congress' readily apparent intent to subject the United States to the same liability as any private individual would face under similar circumstances.

The fact that the United States is not liable for the negligence of independent contractors is not a legal novelty, but is instead analogous to a private person's liability under Massachusetts law, where indi-

viduals have long been relieved of liability for the acts or omissions of independent contractors. *See Herrick v. Springfield,* 288 Mass. 212, 216, 192 N.E. 626, 628 (1934). Nonetheless, as both parties agree, under Massachusetts law an individual can be jointly and severally liable *with* an independent contractor, so long as the individual was himself negligent. Since Congress has made it explicit that "[t]he United States shall be liable ... *in the same manner and to the same extent* as a private individual under like circumstances ...," 28 U.S.C. § 2674 (emphasis added), both Massachusetts *and* federal law compel the conclusion that where the proper factual finding has been made, the United States may be held jointly and severally liable with an independent contractor. Here, as noted above, the Magistrate made clear and convincing findings that government employees were themselves negligent.

Finally, the Court turns to the decisions of the Ninth Circuit, the only Court of Appeals to deal directly with this issue.[1] Applying a similar rule under the law of the state of Hawaii, the Ninth Circuit wrote:

> [W]e hold that the employee plaintiff is not barred from recovering his entire damages from the United States. Such a recovery does not amount to the imposition of vicarious liability. The United States only is being required to answer to the full extent of its *several* liability as imposed by the applicable local law. We have no statutory authority to accord the United States a position more favored than that available to other joint tortfeasors under local law. Our position leaves untouched the immunity of the United States from liability for the negligent acts of an employee of an independent contractor. Liability in this case, however, rests on the local law consequences of the negligent acts of an "employee of the government." It is true these consequences are substantial and make resolution of controversies

such as this case somewhat complicated. This, we believe, is a matter better resolved by Congress than by judicial distortion of the consequences under local law of wrongs done by employees of the United States.

*Barron v. United States,* 654 F.2d 644, 648 (9th Cir.1981) (emphasis in the original). *See also Rooney v. United States,* 634 F.2d 1238, 1244–45 (9th Cir.1980); *Oakley v. United States,* 622 F.2d 447, 448 (9th Cir. 1980); *Rudelson v. United States,* 602 F.2d 1326, 133–33 (9th Cir.1979); *Mattschei v. United States,* 600 F.2d 205, 209 (9th Cir. 1979).

### III. CONCLUSION

For the reasons set forth above, the Court AFFIRMS the findings of the Magistrate in his Memorandum on Remand of December 8, 1988, as well as the underlying judgment entered against the United States on April 17, 1987. The United States is hereby ordered to pay to the plaintiffs the sum of $124,151.82.

It is So Ordered.

---

1. The Court wishes to reiterate the Magistrate's praise for the government's candor regarding these contrary cases. Such forthrightness, accompanied as it was by thorough and reasoned analysis, is an unfortunately rare but valued commodity.