Clifford R. WEST, Petitioner,

v.

Edward J. DEVITT, Chief District Judge, United States District Court for the District of Minnesota, Respondent.

No. 17247.

United States Court of Appeals
Eighth Circuit.

Jan. 15, 1963.

Douglas MacLeod, St. Louis, Mo., S. Eldridge Sampliner, Cleveland, Ohio, and

Harry Alan Sherman, Pittsburgh, Pa., for petitioner.

Edward B. Hayes and C. R. Peterson, of Lord, Bissell & Brook, Chicago, Ill., and Henry Halladay and Curtis Roy of Dorsey, Owen, Marquart, Windhorst & West, Minneapolis, Minn., for respondent.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner's motion for leave to file an application for a writ of mandamus or prohibition without payment of docketing fee is granted, under 28 U.S.C.A. § 1916. The application to have a writ issued is, however, denied.

The writ was sought in relation to an action to recover for injuries from unseaworthiness and for maintenance and cure under the admiralty and maritime laws of the United States. The object was to prevent respondent, as judge, from engaging in a prior determination of the issue of laches as to the commencement of the suit, and to compel him to make the question a part of the jury trial on the merits of the case.

The court had indicated its intention to deal with the issue of laches in this separate manner, and counsel for both parties had expressed their assent to having it so handled. Counsel for petitioner specifically declared that "we would certainly concur in an order * * * setting the issue of laches * * * for trial before the case on the merits". Thus, even if the issue of laches involved questions which a jury might otherwise have been entitled to resolve in the situation, there clearly was a withdrawal or waiver, by the assent expressed, of such demand for jury trial as existed with respect to those questions; and the withdrawal satisfied the requirement of Rule 38(d), Federal Rules of Civil Procedure, 28 U.S.C.A., of having the consent of both parties. The mere fact that petitioner had changed his mind would not of itself require the court to set aside the procedural order made.

But apart from the matter of waiver, petitioner has neither alleged nor shown that the equitable defense of laches did or could involve any common questions of fact with the merits of petitioner's claim, as a basis for requiring them to be resolved by the jury instead of through an exercise of the court's equity jurisdiction. Petitioner, therefore, has failed to bring the situation within Dairy Queen, Inc., v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44, as a basis on which to predicate his application for a writ.

Writ denied.