Larmicia and Solomon WOOD, Plaintiffs,

v.

UNITED AIR LINES, INC., and Trans World Airlines, Inc., Defendants.

Larmicia and Solomon WOOD, Plaintiffs,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

UNITED AIR LINES, INC., and Trans World Airlines, Inc., Third-Party Defendants.

Civ. A. Nos. 61 C 620, 61 C 276.

United States District Court
E. D. New York.
Jan. 24, 1963.

Morris Hirschhorn, New York City, for plaintiffs; Harry A. Gair and Charles F. Krause, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant, United Air Lines, Inc.; Walter E. Rutherford, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant, Trans World Airlines, Inc.; P. G. Pennoyer, Jr., New York City, of counsel.

Joseph P. Hoey, U. S. Atty., Eastern District of New York; George V. O'Haire, Asst. U. S. Atty., of counsel.

ABRUZZO, District Judge.

This is a companion motion to a motion decided by this Court, D.C., 216 F.Supp. 340.

The motion of United Air Lines, Inc., to consolidate Actions No. 1 and No. 2 (61 C 620 and 61 C 276), referred to in said companion motion, is granted.

The opposition of the United States of America is without merit. United Air Lines, Inc., and Trans World Airlines, Inc., as third-party defendants can demand a jury trial even though the plaintiffs' action was instituted under the Federal Tort Claims Act. In a claim by the United States of America, any party is entitled to a jury. See United States v. Schlitz, 9 F.R.D. 259 (E.D.Va.); United States v. Rosati, 97 F.Supp. 747 (D.C. N.J.). The other objection is without merit in that the time limitation as to completion of pretrial proceedings can be extended by the Court.

Plaintiffs' claims arise out of the same occurrence, contain common questions of law and fact, and the ad damnum is the same.

An order may be entered in accordance with this opinion on two days' notice.