**Keith WRIGHT, Plaintiff,**

v.

**The UNITED STATES of America and the United States Department of Agriculture, the United States Forest Service, Defendants and Third-Party Plaintiffs,**

v.

**UTILITY TOOL & EQUIPMENT COMPANY, INC., Maxon Industries, Inc., and Stone Hydraulic Company, Third-Party Defendants.**

**No. CV 77–6–M.**

United States District Court, D. Montana, Missoula Division.

Nov. 27, 1978.

Robert W. Minto, Jr., Worden, Thane & Haines, Missoula, Mont., for plaintiff.

Delay, Curran & Boling, Spokane, Wash., Mulroney, Delaney, Dalby & Mudd, Missoula, Mont., for third-party defendant Utility Tool Co.

Robert T. O'Leary, U. S. Atty., Butte, Mont., for defendants.

Corette, Smith & Dean, R. D. Corette, Jr., Butte, Mont., for third-party defendant Maxon.

Garlington, Lohn & Robinson, Missoula, Mont., for third-party defendant Stone Hydraulic.

## OPINION

RUSSELL E. SMITH, Chief Judge.

Third-party defendants' demand for a jury trial is granted.

Plaintiff's request for an advisory jury in a Federal Tort Claims Act case is denied.

Plaintiff claims that the defendant United States negligently burned its warehouse. The United States denies negligence, but in a third-party complaint alleges that the third-party defendants breached a warranty in the sale of a truck and were guilty of negligence in the construction of the truck. The issues raised by the complaint and answer appear to be different from those raised by the third-party complaint and third-party answer. The third-party defendants have requested a jury, and the plaintiff has requested that the same jury be used in an advisory capacity in its action against the United States.

A third-party defendant in a Federal Tort Claims action is entitled to a jury trial. *Wood v. United States*, 216 F.Supp. 346 (E.D.N.Y.1963).

It seems generally to have been held that an advisory jury may be used in Federal Tort Claims cases under Fed.R. Civ.P. 39(c), notwithstanding the language of 28 U.S.C. § 2402 requiring a trial "by the court without a jury." *Moloney v. United States*, 354 F.Supp. 480 (S.D.N.Y.1972); *Poston v. United States*, 262 F.Supp. 22 (D.Hawaii 1966), *aff'd on other grounds*, 396 F.2d 103 (9th Cir.), *cert. denied*, 393 U.S. 946, 89 S.Ct. 322, 21 L.Ed.2d 285 (1968); *Coffland v. United States*, 57 F.R.D. 209 (N.D.W.Va. 1972). While under these decisions it is within the discretion of the court to call an advisory jury, I exercise my discretion not to do so because, if the verdict were consist-

ent with my views, it would be of no assistance, and were it contrary, I would not know what effect to give it. The responsibility for decisions under the Federal Tort Claims Act rests upon the court, and if the court accepts a jury's advisory verdict which is contrary to the court's own conclusion, then obviously the court has abdicated, and the jury, not the court, is the trier of fact. It may be that the court could use an advisory verdict if the advisory verdict were to be treated as evidence and weighed with the other evidence [1] before a decision were reached. Perhaps in such a case there is no abdication of the court's responsibility, but it is not entirely clear. If, absent a jury verdict, the court would have reached a contrary conclusion, who has really decided the case? It seems to me that calling an advisory jury in a Federal Tort Claims case creates more problems than it solves, and I shall now and in the future exercise my discretion to try Federal Tort Claims cases unassisted by the advice of a jury.

---

1. This is the technique employed with respect to the effect of a master's report in a jury case under Fed.R.Civ.P. 53.