Lowell **PALMER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**UNITED STATES of America,**
**Third-Party Plaintiff/Appellee,**

v.

**Donald Paul FISHER, Third-Party**
**Defendant/Appellant.**

C.A. No. 79–3361, D.C. No. 77–2546.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 1981.

Decided Aug. 7, 1981.

894

John Porter, Riverside, Cal., for plaintiff.

William B. Spivak, Asst. U. S. Atty., Los Angeles, Cal. (argued), for defendant; Frederick M. Brosio, Jr., Chief Asst. U. S. Atty., Andrea Sherian Ordin, U. S. Atty., Los Angeles, Cal., on brief.

Before CHAMBERS and FARRIS, Circuit Judges, and BILBY,* District Judge.

FARRIS, Circuit Judge:

On November 16, 1975, Lowell Palmer was injured after being struck by an automobile driven by an employee of the United States. At the time of the accident, Palmer had been standing in a public highway directing traffic around Donald Fisher's automobile, which moments before had been disabled after colliding with another vehicle that had attempted a left turn off the highway. Fisher, who later admitted having had an alcoholic beverage prior to his collision, had left the scene of the accident prior to the time Palmer was struck by the government vehicle.

On June 11, 1977, Palmer brought suit against the government under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1976), seeking damages for negligence. The government impleaded Fisher as a third-party defendant under Federal Rule of Civil Procedure 14, demanding "indemnity" in the event that the government was held liable to Palmer. Both Palmer and Fisher made timely demands for a jury trial. On July 17, 1978, the district court issued a pretrial conference order, setting out the issues to be litigated. No mention of the demands for jury trial was made in this order. Trial began on November 29, 1978; the civil minutes entry for that day prepared by the deputy clerk clearly indicated that no jury had been impaneled. During the trial, neither Palmer nor Fisher objected to the court's apparent failure to rule on the jury demands.

At the close of the trial, the district court found that the negligence of both the government and Fisher had contributed to the injuries sustained by Palmer. Under California's doctrine of comparative negligence, the court held the government responsible for 30% and Fisher responsible for 70% of the negligence causing Palmer's injuries. Damages were determined to be

* The Honorable Richard M. Bilby, United States District Judge for the District of Arizona, sitting by designation.

$88,600.00. Because the government was the only named defendant in the plaintiff's action, the court ordered the government to pay the entire sum to Palmer. It then held, in accordance with the doctrine of comparative partial indemnity announced by the California Supreme Court in *American Motorcycle Association v. Superior Court*, 20 Cal.3d 578, 578 P.2d 899, 146 Cal.Rptr. 182 (1978), that the government was entitled to judgment against Fisher for 70% of the damages it paid. Judgment was entered accordingly.

Fisher contends that the district court erred in denying him a jury trial on the government's claim. Fisher argues that the government claim is a tort claim and therefore, under the common law, warranted a jury trial. The government argues, however, that the claim for partial comparative indemnity derived from the doctrine of contribution, an equitable doctrine, see *id.* at 591–98, 578 P.2d at 907–12, 146 Cal.Rptr. at 190–95, and therefore does not warrant a jury trial under the Seventh Amendment.

Whether the Seventh Amendment authorizes a jury trial in a particular case does not depend on the character of the overall action, but instead is determined by "the nature of the issue to be tried." *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). An issue is considered "legal" when its resolution involves the ascertainment and determination of legal rights or justifies a remedy traditionally granted by common law courts. See, e. g., *United States v. Missouri River Breaks Hunt Club*, 641 F.2d 689 at 692 (9th Cir., 1981); *In re U. S. Financial Securities Litigation*, 609 F.2d 411, 421–22 (9th Cir. 1979), *cert. denied*, 446 U.S. 929, 100 S.Ct. 1866, 64 L.Ed.2d 281 (1980). Here, the government's claim against Fisher requires a determination of the extent to which Fisher's negligence contributed to Palmer's injuries, the relative fault between Fisher and the government, and whether the government has in fact satisfied the judg-

ment rendered against it in Palmer's original negligence suit. Each of these issues involves determinations of rights and liabilities traditionally arising in common law suits for negligence. Moreover, the government seeks to recover from Fisher a portion of the damages which it was required to pay to Palmer. Recovery of damages is a remedy traditionally granted by common law courts. *Missouri River Breaks*, at 692; *Financial Securities Litigation*, 609 F.2d at 423. Accordingly, we hold that Fisher, as a third party defendant who was not joined as a defendant in Palmer's original action, had a right to a jury trial on the government's claim for partial comparative indemnity.[1] *See Wright v. United States*, 80 F.R.D. 478, 479 (D.Mont.1978); *Wood v. United Air Lines, Inc.*, 216 F.Supp. 346, 346 (E.D.N.Y.1963); 18 Am.Jur.2d *Contribution* § 112 (1965).

There is no dispute here that Fisher filed a timely demand for a jury trial. Federal Rule of Civil Procedure 38(d) specifically provides that, once a timely demand is filed as required by Federal Rule of Civil Procedure 5(d), the demand can only be withdrawn by consent of the parties. Hence, the precise issue here is whether Fisher waived his right to jury trial by withdrawing his demand. Under Federal Rule of Civil Procedure 39(a), a consensual withdrawal of a jury demand can be effected by the parties through either (1) written stipulation filed with the court or (2) oral stipulation made in open court and entered in the record. The record before us reveals neither an oral nor a written stipulation by the parties to withdraw Fisher's jury demand. Under the terms of the procedural rules applicable here, then Fisher's jury demand was never properly withdrawn.

The government argues, however, that Fisher withdrew his jury demand by failing to object and by otherwise acquiescing to the bench trial format of the district court proceedings. We decline to create an exception to the precise terms of Federal Rules of Civil Procedure 38(d) and 39(a), although we recognize that other courts have done so. *See, e. g., Southland Reship, Inc., v. Flegel*, 534 F.2d 639, 643–44 (5th Cir. 1976); *Chapman v. Kleindienst*, 507 F.2d 1246, 1253 (7th Cir. 1974); *see also National Family Insurance Co. v. Exchange National Bank*, 474 F.2d 237, 241 (7th Cir.), *cert. denied*, 414 U.S. 825, 94 S.Ct. 129, 38 L.Ed.2d 59 (1973). Because the constitutional right to a jury trial is fundamental, we must indulge every reasonable presumption against its waiver. *Pradier v. Elespuru*, 641 F.2d 808 at 811 (9th Cir. 1981). Conduct of the parties that evinces consent and appears in the record is sufficient to constitute a proper withdrawal and waiver. *E. g., Amburgey v. Cassady*, 507 F.2d 728, 730 (6th Cir. 1974) (per curiam); *West v. Devitt*, 311 F.2d 787, 788 (8th Cir. 1963) (per curiam). *Cf. United States v. Missouri River Breaks Hunt Club*, at 692–93 (9th Cir. 1981) (district court's statement that parties had agreed to submit the case to the court on the record constituted an oral stipulation for Rule 39(a) purposes). But a party's acquiescence to the district court's maintenance of a bench trial, without more, is insufficient to establish a withdrawal of a jury demand. *Millner v. Norfolk & Western Railway Co.*, 643 F.2d 1005 at 1001 & n.1 (4th Cir. 1981); *Rosen v. Dick*, 30 Fed.R. Serv.2d 1308, 1318 (2d Cir. 1980); *DeGioia v. United States Lines Co.*, 304 F.2d 421, 424 n.1 (2d Cir. 1962). *See also Mihara v. Dean Witter & Co.*, 619 F.2d 814, 823 (9th Cir. 1980) (emphasizing requirement of an oral stipulation in court).

We hold, therefore, that there was no withdrawal of Fisher's demand for a jury trial.

REVERSED and REMANDED.

CHAMBERS, Circuit Judge, dissenting:

---

1. This same conclusion is compelled after considering the factors noted in *Ross v. Bernhard*, 396 U.S. 531, 538 n.10, 90 S.Ct. 733, 738 n.10, 24 L.Ed.2d 729 (1970). There was no pre-merger custom of allowing claims for partial comparative indemnity, making this factor irrelevant. As stated in the text, the remedy sought here is of a kind traditionally granted by common law courts. Finally, the issues involved in a suit for contribution do not differ appreciably from issues considered in a common lawsuit for negligence. Consequently, there is no danger that a jury will have any difficulty in resolving these issues.

I agree with the majority that once the parties to the third party complaint demanded jury trial, they were entitled to have a jury trial on the issues raised by that complaint. I do not agree that there was an insufficient waiver, and in addition, I do not agree that Fisher preserved the issue for appeal.

Rules 38 and 39 of the Federal Rules of Civil Procedure indicate ways in which a waiver of jury trial may be accomplished. But these are not the only ways. The majority recognize that the parties can waive the right merely by their conduct. But they say that silence cannot constitute a waiver because the right to jury trial is so "fundamental". I do not think it is more fundamental than other constitutional rights for purposes of waiver. Just the opposite. It can be waived simply by not acting in time (Rule 38(b), F.R.Civ.P.) and an unintentional and inadvertent waiver can be binding on a party. *Mardesich v. Marciel*, 538 F.2d 848 (9th Cir. 1976); *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970); *Noonan v. Cunard S. S. Co.*, 375 F.2d 69 (2nd Cir. 1967).

*Pradier v. Elespuru*, 641 F.2d 808 (9th Cir. 1981), is clearly distinguishable on its facts from this case. In any event, it merely holds that every "reasonable" presumption should be indulged against the waiver of jury trial. It does not say that there can never be a waiver. In this case, Fisher did not object when the case was calendared for jury trial, or when it commenced without a jury present, or when evidence was taken on any of the six days of trial, or at any time before he began to write his briefs for this Court. He never submitted proposed jury instructions, prior to trial, as required by the rules of the district court. In my view this is ample evidence of waiver. It would be *unreasonable* to presume that he really wanted to have a jury try his case.

Furthermore, we need not consider this issue, which was never raised in the district court. *Simpson v. Union Oil Co. of California*, 411 F.2d 897, 901 (9th Cir. 1969), rev'd on other grounds, 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed.2d 13; *Williamson v. Weyerhaeuser Timber Co.*, 221 F.2d 5, 14 (9th Cir. 1955). There may be times when it looks as if we are permitting a party to ambush a trial judge. But when we can avoid it, we should.

I would affirm the judgment of the district court.