John L. COLLINS and Ruby Collins, his wife, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Defendant.

John L. COLLINS and Ruby Collins, his wife, Plaintiffs,

v.

AVIS RENT–A–CAR SYSTEMS, INC., Original Deft.,

and

General Motors Corporation, Add'l. Deft.

John L. COLLINS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 82–655, 82–813 and 82–916.

United States District Court, W.D. Pennsylvania.

Jan. 27, 1983.

Samuel P. Kamin and Howard M. Louik, Pittsburgh, Pa., for Collins.

Thomas A. Lazaroff and Eric Anderson, Pittsburgh, Pa., for General Motors Corp.

Gerald F. Hutton, Pittsburgh, Pa., for Avis Rent-A-Car.

Asst. U.S. Atty. Judith K. Giltenboth, Pittsburgh, Pa., for U.S.A.

## MEMORANDUM OPINION

BLOCH, District Judge.

These three related cases arise out of a traffic accident which occurred on March 17, 1980, in Pittsburgh, Pennsylvania. Plaintiff, John L. Collins, alleges that he was traveling west on Centre Avenue and stopped for a red light at the intersection of Centre Avenue and Melwood Street. A van driven by a Veterans Administration employee allegedly struck the plaintiff's vehicle from behind. The van was allegedly leased by the Veterans Administration from Avis Rent-A-Car Systems, Inc. (hereinafter referred to as "Avis") and manufactured by General Motors Corporation (hereinafter referred to as "GMC"). As a result of the accident, plaintiff allegedly sustained severe injuries.

This opinion deals specifically with Civil Action No. 82–916.[1] The government has filed two motions for leave to file two third-party complaints for the purpose of joining GMC, the manufacturer of the van, and Lombardo Companies, Inc. (hereinafter referred to as "Lombardo"), the alleged owner of the van, as third-party defendants for purposes of indemnity and/or contribution. GMC has filed a brief with this Court opposing the government's motion, and Lombardo has filed a letter with this Court asserting that a joint tort feasor's release has been pled and filed in Civil Action No. 82–813 on behalf of Avis and Lombardo and that, therefore, it has no intention of

---

1. Plaintiff and his wife instituted separate actions against GMC (Civil Action No. 82–655) and Avis (Civil Action No. 82–813) in state court. These state court actions were subsequently removed to this Court by the defendants, and those two separate actions were consolidated with this action. The wife, who seeks damages for loss of consortium in the GMC and Avis actions, was initially a named plaintiff in this action, but her claim was dismissed for failure to file an administrative claim. *John L. Collins and Ruby Collins v. United States of America,* 101 F.R.D. 1, Civil Action No. 82–916 (W.D. Pa., Opinion and Order of November 2, 1982).

opposing the joinder of Lombardo as a third-party defendant. In essence, Lombardo does not consent to the government's motion, but, at the same time, does not file any motion opposing the same. The plaintiff has not filed any type of response. The Court hereby grants the government's two motions.

The pertinent provision for purposes of the government's motions is Fed.R.Civ.P. 14(a), which provides in pertinent part:

(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action.

The purpose of Rule 14 is to avoid "circuity of action" and to settle related matters in one litigation. In essence, Rule 14 seeks to effectively dispose of entire related litigation in one suit. *Tiesler v. Martin Paint Stores, Inc.*, 76 F.R.D. 640, 642 (E.D.Pa. 1977); *Stiber v. United States*, 60 F.R.D. 668, 670 (E.D.Pa.1973).

■ Several courts within this Circuit have set forth considerations to be addressed in determining whether a court should permit the joinder of a third-party defendant under Rule 14(a). It is first important to note that joinder is not automatic; rather, the decision to permit joinder rests with the sound discretion of the trial court. *Judd v. General Motors Corporation*, 65 F.R.D. 612, 615 (M.D.Pa. 1974). The District Court for the Middle District of Pennsylvania has set forth three factors for a trial court to consider in determining whether to permit joinder. Those three factors are as follows: (1) the timeliness of the motion; (2) whether the filing of the third-party complaint would introduce an unrelated controversy or would unduly complicate the case to the prejudice of the plaintiff; and (3) whether the third-party complaint would avoid circuity of action and settle related matters in one law suit. The Court now reviews the government's motions in this action in light of these three considerations.

■ Initially, the Court finds that the government's motions were timely filed. The complaint was filed in June of 1982. The government's motions were filed in November of that same year, less than five months after the filing of the complaint. Moreover, the motions were filed prior to the holding of the status conference in this matter, and all parties had adequate time to institute any discovery concerning the motions; therefore, there is nothing to indicate that any party was prejudiced by the timeliness of the motions. Second, the government has attached a copy of the proposed third-party complaints to its motions, and those complaints indicate that the government does not intend to introduce an unrelated controversy or unduly complicate the case by filing the same. The complaints merely assert that the government denies any negligence or liability on its part; that the accident was proximately caused by the negligence of ¯GMC and/or Lombardo; and that, in the event the government is held liable, it demands indemnity and/or contribution from GMC and/or Lombardo. The complaints arise out of the same facts that give rise to plaintiff's claim and present a related controversy. Additionally, the issues presented by the complaints are very simple and, therefore, would not complicate this action. Third, the joinder of GMC and Lombardo as third-party defendants could very well avoid circuity of action and settle related matters in this law suit. That is, their joinder in this action could prevent the filing of another law suit by the government in the event that the government is found liable in this action.

The District Court for the Eastern District of Pennsylvania has also set forth several considerations for courts to follow in ruling on the propriety of joining a third-

party defendant. In *Stiber v. United States*, 60 F.R.D. 668, 671 (E.D.Pa.1973), the Eastern District stated that joinder of a third-party defendant under Rule 14 is proper if the evidence and witnesses with respect to the third-party claim are the same as the evidence and witnesses in plaintiff's claim; if the third-party claim involves substantially the same facts and parties as plaintiff's claim; and if the questions of law involved in the third-party claim are substantially the same as plaintiff's claim. Again, the Court reviews this case in light of the foregoing considerations.

The Court sees little doubt that the evidence and witnesses in both claims are substantially the same. Moreover, both claims involve the same facts and substantially the same parties. Finally, the questions of law as to liability in both actions are substantially similar.

In light of the fact that all considerations weigh in favor of permitting joinder of GMC and Lombardo in this action, the Court grants the government's motions, but before concluding this opinion, the Court deems it necessary to address one final issue raised by GMC. The Court is cognizant of the fact that it is must balance the desire to avoid circuity of actions against any prejudice which an impleaded party may suffer. *Keister v. Laurel Mountain Development Corp.*, 70 F.R.D. 10, 13 (W.D.Pa.1976). GMC contends that

if joinder is permitted, it will be deprived of a jury trial right which it has already demanded in Civil Action No. 82–655 due to the applicability of 28 U.S.C. § 2402 [2] to this action. The Court believes that GMC's assertion misconstrues the purpose of the government's request and the intention of this Court. The Court emphasizes that the government's motion for leave to join GMC as a third-party defendant in this action for purposes of indemnity and/or contribution is a separate matter from plaintiffs' claims against GMC in Civil Action No. 82–655. GMC has a right to a jury trial in Civil Action No. 82–655, and its joinder here does nothing to affect that right.

■ Moreover, the clear weight of authority indicates that a third-party defendant in a Federal Tort Claims Act action is entitled to a jury trial, even though the Court will decide plaintiff's claim pursuant to § 2402.[3] *Barron v. United States*, 654 F.2d 644, 650 (9th Cir.1981); *Palmer v. United States*, 652 F.2d 893, 896 (9th Cir. 1981); *Wright v. United States*, 80 F.R.D. 478, 479 (D.Mont.1978); *United States v. United Air Lines*, 216 F.Supp. 346 (E.D.N. Y.1963). Thus, when the government is suing instead of being sued, the right to a jury trial survives. *Georges v. Hennessey*, 545 F.Supp. 1264, 1266 (E.D.N.Y.1982). Additionally, the Ninth Circuit has specifically held that a third-party defendant has a right to a jury trial on the government's claim for indemnity.[4] *Palmer, supra*, at

**2.** Title 28 U.S.C. § 2402 provides as follows: "Any action against the United States under section 1346 shall be tried by the court without a jury, except that any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury."

**3.** This entire discussion presupposes that GMC will demand a jury trial on the government's claim.

**4.** The Court does acknowledge that the jury's function is somewhat reduced in that the Court will determine the amount, if any, of the government's liability; that is, the third-party defendant will not be permitted to reduce, through a jury trial, the Court's determination of damages in order to reduce its own liability because such an approach would permit a jury

to fix the ultimate liability of the United States contrary to § 2402. Rather, if the United States is found liable for a specified amount, the government's claim for indemnity and/or contribution will be tried by a jury, with the jury instructed to determine what portion, if any, of the Court's determination of liability can be fixed upon the third-party defendant. It should be noted that the third-party defendant will participate fully in all aspects of the case and will be permitted to present evidence on plaintiff's claim as a means of preventing or "holding down" liability; the only difference is that the Court will determine liability in plaintiff's claim, while a jury will determine liability in the government's third-party claim.

896. In light of the fact that GMC is entitled to a jury trial in both Civil Action No. 82–655, in which GMC is the original defendant, and Civil Action No. 82–916, in which GMC is the third-party defendant, the Court sees no merit in GMC's claim that it is deprived of a jury trial by its joinder as a third-party defendant in Civil Action No. 82–916.