**Harry C. KAHN**

v.

**Harry W. HEAD.**

**No. HM85–5027.**

United States District Court,
D. Maryland.

Jan. 7, 1987.

Stuart E. Beck of Trachtman, Jacobs & Beck, Philadelphia, Pa., Morton J. Rosenberg, Rosenberg, Maleson & Bilker, Columbia, Md., for plaintiff.

JoAnne S. Beery of the law office of Leonard Bloom, Towson, Md., for defendant.

MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

Pending before the court in this copyright infringement case are: 1. defendant's Motion to Strike Case from Jury Trial Docket; and 2. plaintiff's Motion for Jury Trial under Fed.R.Civ.P. 39(b). The court has reviewed the memoranda submitted by the parties and has determined that no hearing is required. Local Rule 6. The court finds that plaintiff effectively de-

---

**3.** The relevant portion of Leyanna's statement reads as follows:

One man told me it sounded like the same guys who bugged him in the parking lot for jumper cables.

manded a jury trial, and will deny defendant's motion. Because the court will deny defendant's motion, it will mark plaintiff's motion as moot.

1. *Defendant's Motion to Strike Case from Jury Trial Docket*

This case was filed on December 23, 1985. The plaintiff put, on his verified complaint, the phrase "Jury Trial Demanded" under the space for the court's docket number. The clerk noticed the phrase and, on form JS 44C (rev. 12/84), the civil cover sheet, checked the space for demand of a jury trial. The plaintiff put "Jury Trial Demanded" in the same place, right under the docket number, on every pleading, motion and other paper that he filed with the court. The defendant also put the same phrase in the same place on several of its papers.

The scheduling order of the court, issued May 30, 1986 and mailed to both parties, in Paragraph V stated in part: "According to the court's records, this case is to be conducted before a jury." Paragraph V read further: "... if the case is to be tried other than above indicated, counsel should inform the court immediately." Paragraph VII of the court's scheduling order read: "This Scheduling Order will become final unless one or more or all counsel advise the court in writing of any objections on or before *15* days from the date of this order." Neither party filed any objections with the court, nor notified the court in writing of any difference in the conduct of the trial.

On December 19, 1986, one month before the scheduled trial date, defendant filed its motion. Defendant's argument is that plaintiff's inclusion of the phrase "Jury Trial Demanded" under the docket number is insufficient to constitute an effective jury demand. The court disagrees. Fed.R. Civ.P. 38(b) reads:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

Rule 38(b) does not describe how to indorse a pleading, and the Local Rules for the District of Maryland do not elaborate further. The court finds that plaintiff's chosen method of demanding a jury trial, placing the phrase "Jury Trial Demanded" under the docket number, constitutes indorsing the pleading. Therefore, the requirements of Rule 38(b) are satisfied. Both the defendant and the court had constructive and actual notice that the case would be tried by jury, as is evidenced from the similar phrase on defendant's papers, and from the court's scheduling order.

For the reasons outlined in the foregoing memorandum, it is this 7th day of January, 1987, by the United States District Court for the District of Maryland

ORDERED:

1) that defendant's Motion to Strike Case from Jury Trial Docket be, and hereby is, *Denied;*

2) that the trial, now scheduled to begin at 10:00 A.M. on Tuesday, January 20, 1987, be conducted before a jury;

3) that plaintiff's Motion for Jury Trial Under Rule 39(b) be, and hereby is, marked as *Moot* ; and

4) that the Clerk of the Court shall mail copies of this memorandum and order to all parties.