19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tammy MENCH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-16713.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1994.
Decided Feb. 25, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. OVERVIEW
 
 2
 Tammy Mench ("Mench") appeals the district court's summary judgment in favor of the United States. Mench, a civilian employee at the U.S. Coast Guard Training Center in Petaluma, California, ("Training Center") was injured when she slipped and fell at work. Mench brought her action under the Federal Tort Claims Act (FTCA). We reverse and remand.
 
 II. BACKGROUND
 
 3
 Mench was employed by Thigpen. Thigpen had contracted with the government to provide attendant and janitorial services in the dining facility at the government-owned Training Center. On Friday, January 4, 1991, sometime after 5:00 p.m., Mench was helping Alan Roscoe replace a cleaned vent above the stove and deep fat fryer in the kitchen. While directing Roscoe, Mench slipped and fell in front of the deep fat fryer, injuring her knee and leg. In her deposition Mench says that she slipped in a puddle of oil which she believes was left by a Coast Guard student cook who had used the deep fat fryer to prepare dinner. The deposition testimony of the Coast Guard employee who helped Mench immediately following the accident indicates that he saw water on the floor. Roscoe says he didn't see anything on the floor.
 
 
 4
 The district court granted summary judgment, holding that "[u]nder the terms of the contract between the Coast Guard and Thigpen, the Coast Guard had no duty to police or clean the [food preparation] area. That responsibility was expressly assumed by Thigpen and its employees." The district court also noted that "even if the United States owed Plaintiff a legal duty, based upon the facts presented in the moving papers, Plaintiff has failed to create a genuine issue of material fact for trial." Mench timely appealed the district court's judgment.
 
 III. DISCUSSION
 A. Standard of Review
 
 5
 We review the district court's grant of summary judgment de novo. Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986).
 
 B. FTCA Liability
 
 6
 The United States has waived its sovereign immunity for certain injuries arising from the negligence of the United States, its agents, and employees. 28 U.S.C. Secs. 1346(b), 2674. Under the FTCA the United States is liable "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. Sec. 2674. Since Mench was injured in California, California law applies. 28 U.S.C. Sec. 1346(b).
 
 
 7
 The three elements of tort in California are (1) a legal duty to use due care; (2) a breach of such legal duty; and (3) the breach as the proximate or legal cause of the resulting injury. United States Liability Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 594, 463 P.2d 770, 83 Cal.Rptr. 418 (1970). We focus exclusively on the issue of legal duty.
 
 C. Legal Duty
 
 8
 The district court decided that the Coast Guard had no legal duty to keep the floors clean for Mench because "that responsibility was expressly assumed by Thigpen and its employees." But Rowland v. Christian, 69 Cal.2d 108, 443 P.2d 561, 70 Cal.Rptr. 97 (1968) teaches that the legal duty of the possessors of property cannot rest on the formal relationship between the plaintiff and the defendant. In order to determine defendant's legal duty, according to Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912, 69 Cal.Rptr. 72 (1968), the court must ask whether the alleged acts of the Coast Guard created a foreseeably unreasonable hazard to persons working in the kitchen. We believe that the facts, as alleged by Mench, indicate a foreseeable risk, which at the very least created a legal duty to warn. See, e.g. Negra v. Lion & Sons Co., 102 Cal.App.2d 453, 458, 227 P.2d 916 (1951). Moreover, the Coast Guard's duty to maintain the safe condition of the premises may be nondelegable, which would make the government's contract with Thigpen irrelevant in determining the Coast Guard's legal duty. See, e.g. Bonner v. Workers' Compensation Appeals Bd., 225 Cal.App.3d 1023, 275 Cal.Rptr. 337 (1990); 6 B.E. Witkin, Summary of California Law, Torts Sec. 1017. Whether Mench herself breached a legal duty of care because she failed to perform her supervisory or janitorial duties is, in California, a question of comparative negligence. Li v. Yellow Cab Co., 13 Cal.3d 804, 119 Cal.Rptr. 858 (1975); Cal.Civ.Code Sec. 1714(a); see also Palmer v. United States, 652 F.2d 893 (9th Cir.1981) (applying California's comparative negligence standard to FTCA claim). Accordingly, the district court erred in determining that the Thigpen contract, as a matter of law, eliminated the Coast Guard's legal duty to Mench.
 
 D. Issue of Material Fact
 
 9
 The Government concedes in its briefs that the district court "weighed" the documentary evidence before it in order to determine that there was no genuine issue of material fact. This went beyond the threshold inquiry for purposes of summary judgment. Federal Deposit Insurance Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), cert. granted, 114 S.Ct. 543 (1993). Neither this panel, nor the district court can weigh the evidence. The inquiry is strictly to determine whether there is a genuine issue for trial. Id. at 747. There was a live dispute about the cause of Mench's fall. Although only Mench gave deposition testimony about oil on the floor, trial is the appropriate forum for determining the veracity of Mench's account. The trial court erred when it determined that there was no genuine issue of material fact.
 
 IV. CONCLUSION
 
 10
 For the foregoing reasons the district court's grant of summary judgment is REVERSED. We REMAND for proceedings consistent with this memorandum.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3