**Jack T. HUPP, and Walkmaker, Inc.**

v.

**SIROFLEX OF AMERICA, INC.**

Civ. A. No. G–94–077.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 16, 1994.

See also 848 F.Supp. 744.

Nick A. Nichols, Jr., Gunn & Kuffner, Houston, TX, for plaintiffs.

30

William C. Norvell, Jr., Jackson & Walker, Lester L. Hewitt, Pravel, Gambrell, Hewitt, Kimball & Krieger, Houston, TX, for Siroflex of America, Inc.

William C. Norvell, Jr., Ross Citti, Jackson & Walker, Houston, TX, for Dieter Roth.

### ORDER

KENT, District Judge.

This is a patent case in which Plaintiff's attorney contends that counsel for the Defendant waived its right to a jury trial in a scheduling conference held in this Court on December 2, 1994. During that hearing, this Court ordered that the above-captioned case be tried on a non-jury basis after Plaintiff's counsel withdrew its earlier demand for a jury trial. After carefully considering Defendant's letter objections to the Court's ruling, the Court finds that its earlier order should be VACATED and that this case be heard before a jury.

■ It is undisputed in this matter that Plaintiff originally made an effective demand for a jury trial by placing the words "Jury Demanded" beneath the cause-of-action number on its original pleadings. Such a notation is clearly sufficient to place the opposing party on notice that a jury trial has been requested. *See, e.g., Kahn v. Head,* 114 F.R.D. 20 (D.Md.1987). *Cf.* Southern District of Texas Local Rule 3(H). Although the written record of the actual events in the December 2, 1994, hearing are not yet available to the Court or the parties, it appears that after Plaintiff withdrew its demand for a jury trial in open court, Defendant's counsel did not object. Instead, after several other motions by the same parties were heard by the Court in the same hearing, Defendant's counsel requested the Court's permission to check its own pleadings in order to determine whether Defendant had also made an effective demand for a jury trial. The Court granted that request. The pleadings in this case clearly show that Defendant did, in fact, place the same jury demand beneath the cause-of-action number on its Answer in this

case. Plaintiff insists that Defendant's *failure to object* to Plaintiff's withdrawal of its jury demand is dispositive in this matter under Fed.R.Civ.Pro. 39(a). The Court disagrees.

■ In essence, this controversy centers on what constitutes an effective oral stipulation under Rule 39(a). That Rule states that the trial of issues for which a jury trial has been demanded is effective unless "the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury." Although neither party in this case has presented relevant authority on this point, it is clear that in this Circuit the failure to object to the Court's ruling that a case be heard on a non-jury basis *can* be an effective waiver of the right to a jury and thus constitute an oral stipulation under Rule 39(a).[1] *See Southland Reship, Inc. v. Flegel,* 534 F.2d 639 (5th Cir. 1976).

Nevertheless, the Court does not believe that *Southland Reship* addresses the precise facts present in this case. In *Southland Reship,* the Court consolidated hearings on a preliminary and permanent injunction and then proceeded to try the merits of the case on its own without a jury, even though the Plaintiff had requested a jury trial. In denying Plaintiff's assertion that it had not waived its right to a jury trial, the Fifth Circuit pointed out that Plaintiff waited over one month after the Court heard its case to make its objection and that Plaintiff's counsel had clearly and unmistakably waived its right to a jury trial in this matter.

None of these conditions are present in this case. First, trial has not even taken place in this case. Second, the Defendant at least reserved its right to object almost immediately after the Court's ruling that the case be heard on a non-jury basis. Finally, it is far from certain in this case that Defendant's counsel clearly understood his failure

1. Not all Circuits follow this rule. The Ninth Circuit, for example, has held that "a party's acquiescence to the district court's maintenance of a bench trail without more, is insufficient to establish a withdrawal of a jury demand." *Palmer v. United States,* 652 F.2d 893, 896 (9th Cir.1981).

to object to Plaintiff's withdrawal of *its* jury demand to be a waiver under Rule 39(a). As stated above, Defendant's Answer also contains the "Jury Demanded" language required to invoke the right to a jury trial. Plaintiff argues that under Local Rule 3(H), Defendant's Answer is not effective as an independent demand for a jury trial. That Rule states that "[p]leadings in which a jury is demanded shall bear the word "jury" at the top, immediately below the case number." Plaintiff's argument is essentially that, given that it had earlier demanded a jury trial, *every* subsequent pleading of the Defendant was required to carry the word "jury" and that the inclusion of this otherwise effective demand for a jury trial was insufficient for Defendant to have made its own jury demand. Without interpreting the exact scope of this language, the Court finds that it is at least *plausible* that Defendant construed Rule 3(H) to mean that the inclusion of "jury" on its Answer was effective to make a jury demand. It is certainly true that this Court routinely receives Answers that do not contain the word "jury," even though the preceding Complaint included the words "Jury Demanded." Thus, it is quite possible that when Defendant's counsel failed to object to Plaintiff's withdrawal of *its* jury demand, but promptly reserved its right to review the matter, Defendant at least subjectively believed that it had already made its own effective jury demand in this case.

The Court need not decide the precise intentions of the parties in this case. Instead, it is mindful that the Supreme Court has clearly and repeatedly stated that, "since 'the right of jury trial is fundamental, courts indulge *every reasonable presumption* against waiver.'" *Aetna Insurance Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177 (1937) (emphasis added). Thus, "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935).

In this case, the Court finds that the ambiguity of Defendant's intent to waive a jury trial under Rule 39(a) raises a reasonable presumption against waiver. Thus, under the mandate of the Supreme Court, this Court finds that no waiver has occurred, even though the Court is equally convinced that jury trials in patent cases do not allow the parties the most effective and equitable means of adjudicating their dispute.

For these reasons, the Court **VACATES** its oral order of December 2, 1994, and **ORDERS** that this case be heard before a jury when it comes to trial. It is further **ORDERED** that the parties file no further pleadings in this matter, such as motions to reconsider or the like. Instead, they are instructed to seek whatever relief they feel themselves entitled before the United State Court of Appeals for the Federal Circuit, as may be appropriate in due course.[2]

**IT IS SO ORDERED.**

---

**2.** As a curtesy to this Court, the parties in this case filed their objections and response to this Court's ruling in letter form. The Court appreciates the promptness with which counsel for both parties filed their materials, and the Court hereby makes those letters part of the record of this case for all purposes, including appellate scrutiny.