53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Petri Antero AHONEN, Plaintiff-Appellant,
v.
Enrique VARELA, Defendant-Appellee.
 No. 93-56523.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1995.*
Decided May 3, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petri Antero Ahonen brought 42 U.S.C. Sec. 1983 and state tort claims alleging that Deputy Sheriff Enrique Varela used excessive force in arresting him. Following a pretrial evidentiary hearing, the district court granted qualified immunity to Varela. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We reverse the district court's grant of qualified immunity and remand.
 
 
 3
 * Officer Varela stopped Ahonen after he observed Ahonen driving his truck at high speed through a parking lot and, without stopping, through a stop sign. The events that transpired after this stop are in dispute.
 
 
 4
 According to Ahonen, after he exited his car, he asked Officer Varela if Varela "wanted something." Without explanation, Officer Varela then grabbed Ahonen and threw him onto the hood of the patrol car and twisted his arm behind his back. Ahonen claims that Officer Varela then threw him to the ground, jumped on his back, twisted his arm behind his back, and handcuffed him. According to Ahonen, Varela subsequently threw him to the ground two more times.
 
 
 5
 According to Officer Varela, after Ahonen parked, he walked away from his car and ignored Varela's request to produce his driver's license. Officer Varela then grabbed Ahonen by the elbow to prevent him from walking away. When Ahonen resisted being handcuffed and refused to sit down, Officer Varela testified that he used a "leg sweep" motion to take him to the ground. While Ahonen was on the ground, Varela handcuffed him. According to Varela, no further force was used. Lydia Zumaya, a witness, substantially corroborated Officer Varela's version of events.
 
 
 6
 Ahonen was arrested and later pleaded guilty to violating California Penal Code Sec. 148 -- resisting, obstructing, and delaying an officer in the course of his duties.
 
 
 7
 Ahonen brought a 42 U.S.C. Sec. 1983 claim and pendent state tort claims against Officer Varela. After a pretrial evidentiary hearing, the district court found that Officer Varela had acted reasonably and was entitled to qualified immunity. The district court thus dismissed the suit. We review a district court's grant of qualified immunity de novo. Act-Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993).
 
 II
 
 8
 Police officers are immune from suit if (1) the "right" they allegedly violated was not "clearly established" at the time of the violation, or (2) if a reasonable officer would have thought that the defendant's actions were constitutional. Palmer v. Sanderson, 9 F.3d 1433, 1435 (9th Cir. 1993); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Fourth Amendment prohibition on the use of excessive force in the course of an arrest is a clearly established right. Hansen v. Black, 885 F.2d 642, 645 (9th Cir. 1989). Thus, the question is whether a reasonable officer would have believed that Officer Varela's conduct in arresting Ahonen was constitutional. Palmer, 9 F.3d at 1435. If a genuine issue of fact exists surrounding the conduct that took place, then this question cannot be answered as a matter of law and the case must proceed to trial. Act Up!/Portland, 988 F.2d at 873.
 
 
 9
 As an initial matter, Varela contends that Ahonen waived his right to a jury trial and consented to resolution of the qualified immunity issue at the pretrial evidentiary hearing. Generally, in order to preserve an issue for appeal, we require a party to make known to the district court any objection he may have to the court's actions. See, e.g., Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir. 1994) (citing Fed. R. Civ. P. 46). However, we have also held that "a party's acquiescence to the district court's maintenance of a bench trial, without more, is insufficient to establish a withdrawal of a jury demand." Palmer v. United States, 652 F.2d 893, 896 (9th Cir. 1981). In the instant case, we are not satisfied that Ahonen, by simply responding to Varela's motion in limine requesting determination of qualified immunity, provided a clear and unequivocal waiver to his right to a jury trial, a right he had previously invoked. See, e.g., Zidell Explorations, Inc. v. Conval Int'l, Ltd., 719 F.2d 1465, 1469 (9th Cir. 1983). We therefore proceed to determine whether a genuine issue of material fact exists regarding Varela's conduct in arresting Ahonen.
 
 
 10
 Viewing the facts in the light most favorable to Ahonen, as we must on this appeal, Hutchinson v. Grant, 796 F.2d 288, 290 (9th Cir. 1986), we cannot say that a reasonable officer in Officer Varela's position would believe his conduct in arresting Ahonen was legal. If Ahonen cooperated with Officer Varela in the manner in which he claims he did, then it would be unreasonable for Officer Varela to have knocked him to the pavement three times and to have injured his left wrist in the process. Cf. Hansen, 885 F.2d at 645 (unreasonably injuring a suspect's wrist and arm in the course of handcuffing constitutes excessive force).
 
 
 11
 In short, there are material issues of fact as to what transpired after Ahonen was stopped by Officer Varela. Whether Ahonen's testimony is credible on this matter is a subject for a jury to decide; it was error for the district court to resolve this as a matter of law.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 We find Ahonen's pro per notice of appeal sufficient to confer jurisdiction upon this court even though it failed to specify the district court's Judgment entered September 22, 1993 as the decision appealed from. Fed. R. Civ. P. 3(c)