Brassard, J.
Third-party defendant E.I. DuPont De Nemours & Company (“DuPont”) moves, pursuant to Mass.R.Civ.P. 39, to strike the jury claim of H.C. Starck, Inc. (“Starck”), on the grounds that Starck is not entitled to a juiy trial on its contribution claim against DuPont, under either the Constitution of the United States or the Constitution and statutes of the Commonwealth of Massachusetts. For the following reasons, DuPont’s motion is DENIED.
BACKGROUND
The original plaintiffs in this action, eleven firefighters and eight of their spouses, brought suit against Starck for injuries sustained as a result of a chemical fire at Starck’s plant in Newton, Massachusetts. Starck named DuPont, the manufacturer of the chemicals which exploded in the fire, as a third-party defendant, and sued DuPont for contribution. Before commencement of the trial, Starck settled with the plaintiffs. Starck now maintains the instant suit against DuPont for contribution, and has claimed a juiy trial on all issues.
DISCUSSION
Starck claims a right to a jury trial under the Constitution of the Commonwealth of Massachusetts, specifically Article 15 of the Massachusetts Declaration of Rights, which provides that:
[i]n all controversies concerning properly, and in all suits between two or more persons, except in cases in which it has heretofore been otherwise used and practiced, the parties have a right to a trial by juiy; and this method of procedure shall be held sacred, unless in causes on the high seas, and such as related to mariners’ wages, the legislature shall hereafter find it necessary to alter it.
MA. Const. Pt. 1, art. 15. The language of Article 15 suggests that a party is entitled to a trial by jury “unless the case was one in which a court of equity in either England or Massachusetts would have exercised jurisdiction in 1780.” Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 222 (1994).
Claims for contribution in tort were not recognized at common law in Massachusetts either in courts of law or courts of equity. The right to bring a suit for contribution in tort arose from the enactment of the 1962 Contribution Statute, Mass. General Laws chapter 231B. O’Mara v. H.P. Hood & Sons, Inc., 359 Mass. 235, 237 (1971). In the case of a statutorily created cause of action not available at common law, the court determines whether this cause of action carries a right to a jury trial by examining “whether the plaintiffs claim is analogous, in either subject matter or remedy sought, to cases within the court’s equity jurisdiction, as it existed at the time of the adoption of the Constitution.” Dalis, 418 Mass. at 223.
DuPont argues that the nature of the claim for contribution is so clearly equitable in nature that it precludes Starck’s claim for a jury trial. DuPont points out that the purpose of the Contribution Statute is to remedy the unfairness of allowing a disproportionate share of plaintiffs recovery to be borne by one of several joint tortfeasors and to achieve a more equitable distribution of that burden among those liable in tort for the same injury. Hayon v. Coca Cola Bottling, 375 Mass. 644, 648 (1978). DuPont also points out the references to “equity” in the language of the statute itself. See G.L.c. 231B, Sec. 2(c).
Despite the presence of some equitable considerations in the statute, the contribution claim at issue in this case is largely legal, and not equitable, in nature. A cause of action is legal in nature when the resolution of such a claim “involves the ascertainment and deter *326 mination of legal rights or justifies a remedy traditionally granted by common law courts.” In re N-500L Cases, 691 F.2d 15, 20 (1st Cir. 1982), quoting Palmer v. United States, 652 F.2d 893, 895 (9th Cir. 1981), overruled on other grounds by White v. McGinnis, 903 F.2d 699 (9th Cir. 1990). Here, Starck’s contribution claim both requires a determination of legal issues and seeks a legal, not equitable, remedy.
The contribution claim is inextricably linked to the underlying tort issues which formed the basis for the original action, and many of the issues to be determined in the contribution claim are similar, if not identical, to the issues to be determined in a classic negligence case. See In re N-500L Cases, 691 F.2d at 20-21. Starck must prove that DuPont owed a duty to the original plaintiffs, that this duty was breached, that DuPont’s breach was the proximate cause of harm to the original plaintiffs, and that there were compensable damages. These are issues traditionally resolved in courts of law, and are therefore appropriate for jury trial. See In re Acushnet River & New Bedford Harbor Proceedings, 712 F.Supp. 994, 1008, (D.Mass. 1989), quoting Powers v. Raymond, 137 Mass. 483, 486 (1884) (where “rights sought to be determined and enforced are essentially legal as distinguished from equitable” parties must have the benefit of those rights which attach to legal trials).
Moreover, the remedy sought by Starck, a specific sum of money to pay for a portion of the damages Starck paid to the plaintiffs, is legal and not equitable in nature. “Recovery of [money] damages is a remedy traditionally granted by common law courts,” Palmer, 652 F.2d at 895-96, and cases where parties seek a monetary judgement appear to be the sort of “suits between two or more persons" envisioned by Article 15. See In re Acushnet River, 712 F.Supp. at 1008-09. In recent cases where the Massachusetts Supreme Judicial Court has analyzed whether a statutorily created cause of action entitles the parties to a jury trial, one factor to which the Court has given significant weight is the remedy sought by the plaintiff. See, e.g., Commonwealth v. Guilfoyle, 402 Mass. 130, 135-36 (1988) (noting that the equitable nature of the remedies granted by the statute indicated that no right to a jury trial existed for claims brought pursuant to the Massachusetts Civil Rights Act); Nei v. Burley, 388 Mass. 307, 314-15 (1983) (referring to the “equitable nature of the relief permitted” in determining that there was no right to a jury trial in actions under Chapter 93A). Here, while the remedies provided in the Contribution Statute may be derived from equitable principles of fairness, they are still the sort of remedies traditionally granted by courts of law, and therefore a jury trial is appropriate.
Alternatively, this court grants Starck a jury trial as a matter of discretion, pursuant toG.L.c.214,§13 and Mass.R.Civ.P. 39(c). The questions of fact at issue here are particularly appropriate for a jury’s consideration, and there is no policy consideration which would weigh heavily in favor of DuPont’s motion to strike the claims for a jury trial. See Charles River Construction Co. v. Kirksey, 20 Mass.App.Ct. 333, 338-39 (1985).
ORDER
For the foregoing reasons, DuPont’s motion to strike Starck’s demand for a jury trial is DENIED.